Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>FRANCISCO COLÓN COLÓN<br><br>Peticionario | TA2026CE00583 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: B SC2025G0137<br><br>Por: Art. 404 SC Posesión Sustancias Controladas sin Receta |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

El 9 de mayo de 2026, compareció ante este Tribunal de Apelaciones, el señor Francisco Colón Colón (en adelante, señor Colón Colón o parte peticionaria) por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida y notificada el 13 de abril de 2026, por el Tribunal de Primera Instancia, Sala de Aibonito. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción en Solicitud de Reconsideración* instada por la parte peticionaria.

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari*.

**I**

De acuerdo con el expediente ante nuestra consideración, por unos hechos ocurridos el 31 de mayo de 2025, el Ministerio Público presentó una *Denuncia* en contra de la parte peticionaria, por

alegada infracción al Artículo 404 de la Ley Núm. 4-1971, *Ley de Sustancias Controladas de Puerto Rico*. Conforme a la *Denuncia*, la parte peticionaria se encontraba en posesión de cocaína de forma ilegal.

El 2 de junio de 2025, el foro de primera instancia celebró una vista conforme a la Regla 6 de Procedimiento Criminal, donde determinó causa para arresto por el delito imputado. Más adelante, el 10 de septiembre de 2025, el foro recurrido celebró vista preliminar en la cual determinó causa para acusar por dicho delito. Consecuentemente, el 12 de septiembre de 2025, el Ministerio Público presentó la *Acusación* por el delito imputado, en contra del aquí peticionario.

Así las cosas, el 12 de enero de 2026, el señor Colón Colón presentó *Moción en Solicitud de Supresión de Evidencia*. Por medio de su moción, solicitó al foro primario la supresión de la evidencia obtenida en su contra. En particular, sobre el testimonio del agente José A. Negrón González (en adelante, agente Negrón González), el cual alega fue uno estereotipado. Argumentó que, una vez eliminado dicho testimonio la prueba sería insuficiente y la intervención realizada el día de los hechos, ilegal. Añadió que, la intervención y el registro realizado por el agente Negrón González fue uno sin mediar orden judicial, por lo que se presume ilegal e irrazonable. A tales efectos, le solicitó al foro de primera instancia declarar Ha Lugar su petitorio.

Por su parte, el Ministerio Público presentó *Oposición a Moción en Solicitud de Supresión de Evidencia al Amparo de la Regla 234 de las de Procedimiento Criminal*. En esencia, el Ministerio Público adujo que, la parte peticionaria no alegó hechos o fundamentos específicos que reflejaran la ilegalidad o irrazonabilidad del alegado registro, allanamiento o incautación. Según razonó, la solicitud de la parte peticionaria estaba basada en meras generalidades. Por lo

que, solicitó al foro *a quo* declarar No Ha Lugar la solicitud de supresión de evidencia.

El 27 de febrero de 2026, se celebró la *Vista de Supresión de Evidencia*. En la aludida vista, se presentó el testimonio del Agente Negrón González. Este declaró sobre los alegados hechos que tuvieron lugar el 31 de mayo de 2025, objeto de la controversia de epígrafe.

Luego de evaluar la prueba presentada por las partes, el 20 de marzo de 2026, notificada en igual fecha, el foro *a quo* emitió *Resolución*, en la cual dictaminó lo siguiente:

> Por los fundamentos antes expuestos, este tribunal, luego de examinar la *Moción solicitando supresión de evidencia* presentada por la defensa, la *Oposición a moción en solicitud de supresión de evidencia al amparo de la Regla 234 de las de Procedimiento Criminal* presentada por el Ministerio Público y el testimonio presentado en corte, declara **no ha lugar** la supresión de evidencia y, en consecuencia, no suprime la evidencia obtenida por el Estado en la intervención realizada el 31 de mayo de 2025 contra el acusado.
>
> Se ordena, además, el desglose de la prueba sometida ante el tribunal, una vez esta Resolución advenga final y firme.

En desacuerdo, el 31 de marzo de 206, la parte peticionaria presentó *Moción en Solicitud de Reconsideración*. Mientras, el 10 de abril de 2026, el Ministerio Público presentó *Moción en Oposición a Reconsideración*. Subsiguientemente, la primera instancia judicial, mediante *Resolución* emitida el 13 de abril de 2026, declaró No Ha Lugar la moción de reconsideración.

En desacuerdo, el 9 de mayo de 2026, la parte peticionaria presentó ante este foro revisor el recurso de *certiorari* que nos ocupa. En el mismo, esgrimió el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMO CUESTIÓN DE DERECHO AL DECLARAR NO HA LUGAR LA MOCIÓN EN SOLICITUD DE SUPRESI[Ó]N DE EVIDENCIA PRESENTADA POR EL PETICIONARIO.

El 19 de mayo de 2026, la parte recurrida por conducto de la Oficina del Procurador General, presentó ante este foro revisor, *Escrito en Cumplimiento de Resolución.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[2], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848.  La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

(C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que

---

[3] *Íd.*

se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Registros y Allanamientos

Según es sabido, la Cuarta Enmienda de la Constitución de Estados Unidos, así como la Constitución de Puerto Rico, integran protecciones para todos los individuos y sus pertenencias contra registros, incautaciones y allanamientos irrazonables. *Pueblo v. Salamanca Corchado*, 210 DPR 582, 589-590 (2022); *Pueblo v. Rivera Surita*, 202 DPR 800, 805 (2019). En particular, la Constitución de Puerto Rico, en su Artículo II, Sección 10, dispone que no se violará el derecho de los ciudadanos a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.[4] Asimismo, establece que únicamente serán expedidos los mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, cuando exista causa probable.[5]

El Tribunal Supremo ha señalado que, la anterior protección constitucional tiene tres objetivos, estos son: "(1) disuadir a los funcionarios del orden público para que no violen la Constitución, (2) proteger la integridad de los tribunales al no permitir que en los procesos judiciales se utilice evidencia obtenida ilegalmente, y (3) evitar que el Estado se beneficie de sus propios actos ilegales". *Pueblo v. Rivera Surita*, supra, pág. 806. La evidencia que sea obtenida en violación a la Sección 10 de nuestra Constitución, será

---

[4] Art. II, Sec. 10, Const. ELA [Const. PR], LPRA Tomo 1.
[5] Const. ELA [Const. PR], *supra.*

inadmisible en los tribunales.[6] *Pueblo v. Salamanca Corchado*, supra, pág. 590.

Como regla general, cuando se aspire a efectuar un registro o allanamiento, será necesario previamente obtener una orden judicial. *Pueblo v. López Colón*, 200 DPR 273, 284-285 (2018). Es por ello que, cuando se levanta una alegación de violación al derecho constitucional dispuesto en la Sec. 10 del Art. II de la Constitución de Puerto Rico, será necesario resolver, primeramente, si ocurrió un registro que hubiese infringido la expectativa razonable de intimidad reconocida a un individuo sobre el registro. *Íd.*; *Pueblo v. Báez López*, 189 DPR 918, 927 (2013). Nuestro Máximo Foro ha enumerado varios factores a considerar para determinar si la persona registrada ostentaba una expectativa razonable de intimidad, estos son: 1) el lugar registrado o allanado; 2) la naturaleza y grado de intrusión de la intervención policiaca; 3) el objetivo o propósito de la intervención; 4) si la conducta de la persona era indicativa de una expectativa subjetiva de intimidad; 5) la existencia de barreras físicas que restrinjan la entrada o visibilidad al lugar registrado; 6) la cantidad de personas que tienen acceso legítimo al lugar registrado, y 7) las inhibiciones sociales relacionadas con el lugar registrado. Cabe destacar que, ninguno de los mencionados factores es determinante, debiendo examinarse todos en conjunto. *Pueblo en interés menor NOR*, 136 DPR 949, 962 (1994). Siendo así, deberá establecerse un balance entre la expectativa de intimidad del ciudadano, protegida por la garantía constitucional, y aquellos intereses públicos que hubiesen motivado la actuación estatal. *Pueblo v. López Colón*, supra, pág. 285; *Pueblo v. Díaz Bonano*, 176 DPR 601, 613 (2009). Es normativa reiterada que, un registro efectuado sin mediar una orden judicial activa la presunción de que este fue irrazonable e

---

[6] Const. ELA [Const. PR], *supra.*

inválido. *Pueblo v. López Colón*, supra, págs. 287-288.  Ahora bien, un registro sin una orden previa del tribunal, por sí solo, no conlleva su inadmisibilidad.  *Pueblo v. Báez López*, supra, pág. 930.  El Tribunal Supremo ha adoptado y definido ciertas situaciones excepcionales en las que no será indispensable una orden judicial previa.  La Alta Curia enfatizó que, cada una de estas situaciones no responden a reglas automáticas y deberán examinarse a la luz de los hechos específicos de cada caso. *Íd.* En las siguientes situaciones no existe una expectativa razonable de intimidad, y por ello no se violenta el mandato constitucional:

> (1)  un *registro incidental a un arresto legal, Pueblo v. Pacheco Báez,* 130 DPR 664 (1992) [...]; (2) un *registro consentido voluntariamente de forma expresa o implícita* [...]; (3) un *registro en situación de emergencia,* [...]; (4) una *evidencia ocupada en el transcurso de una persecución* [...]; (5) una *evidencia a plena vista,* [...]; (6) cuando el agente del orden público obtiene conocimiento de la existencia del material delictivo por el olfato [...]; (7) una *evidencia arrojada o abandonada* [...]; (8) un *registro o allanamiento de una estructura abandonada* [...]; (9) una *evidencia obtenida durante un registro administrativo,* [...], siempre que se cumpla con las limitaciones expresadas por este Tribunal en *Blassini et als. v. Depto. Rec. Naturales,* supra; (10) un *registro tipo inventario,* [...], u (11) una *evidencia obtenida en un lugar público —como el aeropuerto— como resultado de la utilización de canes para olfatear.* [...] *Pueblo v. Báez López,* supra, págs. 930-932.[7]

## C. *Regla 234 Supresión de Evidencia*

Cónsono con lo anterior, la Regla 234 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 234, regula lo concerniente a las circunstancias por las cuales una persona agraviada por un allanamiento o registro ilegal podrá solicitar una supresión de evidencia. *Pueblo v. Nieves Vives,* 188 DPR 1, 15 (2013).  Dicha regla estatuye lo siguiente:

> La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la

---

[7] Véase también *Pueblo v. López Colón,* supra, pág. 288.

devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente. 34 LPRA Ap. II, R. 234.

El Tribunal Supremo ha enfatizado que, para poder presentar una moción de supresión de evidencia será necesaria la existencia y exposición de fundamentos para invocarla, además, deberá incluir los hechos específicos en los cuales se sostiene. *Pueblo v. Rivera Surita*, supra, pág. 806; *Pueblo v. Serrano Reyes*, 176 DPR 437, 446 (2009). De igual manera, el foro primario escuchará prueba sobre cualquier cuestión de hecho que fuese necesaria para la resolución de tal solicitud y deberá celebrar una vista evidenciaria. *Pueblo v. Nieves Vives*, supra, pág. 15. La obligación de celebrar una vista evidenciaria con antelación al juicio, se dará cuando se trate de evidencia incautada sin previa orden judicial cuando en la solicitud, la parte promovente aduzca hechos o fundamentos que reflejen la ilegalidad o irrazonabilidad del registro, allanamiento o incautación. *Íd.* Ello, debido a que todo registro realizado sin una orden levanta una presunción de que fue irrazonable, y consecuentemente, inválido. *Pueblo v. Serrano Reyes,* supra, pág. 447. Esa presunción de ilegalidad le impone al Ministerio Público la carga probatoria de demostrar que el registro fue legal y la razonabilidad de la actuación

del Estado. *Íd.* págs. 447-448. De acuerdo con lo anterior, en la vista evidenciaria, el Ministerio Público tendrá la obligación de refutar la presunción de ilegalidad del registro o incautación, de presentar prueba y deberá establecer los elementos que sustenten la excepción correspondiente al requisito de orden judicial previa. *Pueblo v. Nieves Vives*, supra, pág. 15.

Si el tribunal determina que la evidencia incautada o el registro fue llevado a cabo en violación al mandato constitucional y a lo dispuesto en la precitada regla, deberá suprimir la evidencia obtenida. Consecuentemente, la prueba no será admisible en los tribunales como prueba sustantiva de la comisión de un delito. *Pueblo v. Blase Vázquez*, 148 DPR 618, 628 (1999).

Esbozada la normativa jurídica, procedemos a disponer del recurso ante nuestra consideración.

### III

En su único señalamiento de error, la parte peticionaria sostiene que, el foro *a quo* incidió al declarar No Ha Lugar la solicitud de supresión de evidencia presentada por el señor Colón Colón.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, colegimos que, no procede la expedición del auto solicitado en esta etapa. El señalamiento de error antes reseñado, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones